# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR06-0016-LRR |
| vs. | **DETENTION ORDER** |
| KURT L. KIEWIET, | |
| Defendant. | |

This matter came on for detention hearing before the undersigned on February 17, 2006. Assistant U.S. Attorney Peter E. Deegan, Jr. appeared on behalf of the plaintiff (the "Government"). The defendant Kurt L. Kiewiet appeared in person with his attorney, Assistant Federal Defender Casey D. Jones. The defendant stipulated to the Government's offer of evidence by way of proffer. The defendant also offered evidence by way of proffer.

The court must determine whether any condition or combination of conditions will reasonably assure Kiewiet's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985), *cert. denied*, 479 U.S. 950, 107 S. Ct. 436 (mem.), 93 L. Ed. 2d 385 (1986); *United States v. Garcia*, 801 F. Supp. 258, 260 (S.D. Iowa 1992).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Kiewiet as required and the safety of the community if the court finds there is probable cause to believe Kiewiet committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. This presumption is subject to rebuttal by Kiewiet. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1)(C). The probable cause element of section 3142(e) which triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See United States v. Apker*, 964 F.2d 742, 744 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988). A grand jury's indictment provides the probable cause required under 18 U.S.C. § 3142(e) to trigger the rebuttable presumption of risk of flight and danger to the community. *See United States v. Garcia*, 801 F. Supp. 258 (S.D. Iowa 1992) (citations omitted).

Kiewiet is charged with being a convicted felon in possession of firearms, being a drug user in possession of firearms, and making his property available for the unlawful distribution of methamphetamine. The statutory presumption of dangerousness and risk of flight is applicable to the charge that Kiewiet made his property available for the unlawful distribution of methamphetamine.

In the present case, the evidence indicates Kiewiet has had almost continuous involvement with law enforcement since 1993. The court finds it significant that the majority of the offenses for which Kiewiet has been convicted occurred while he was on probation or parole from other offenses. He has evidenced a consistent inability to comply with orders of the court regarding conditions of release. The evidence also indicates Kiewiet has a long-standing drug habit that is serious enough to have kept him in trouble

with the law, and also to have involved a minor child in the use of illegal substances. In the present case, he was found to be in possession of stolen guns and other property, and there is evidence he has threatened to harm himself. The Government's case against Kiewiet appears to be quite strong. In addition, Kiewiet has failed to offer any evidence to rebut the presumption that he would be a danger to the community. Viewing the record as a whole, the court finds nothing to indicate Kiewiet would be able to refrain from continuing to engage in criminal activities if he were released.

On the issue of risk of flight, the evidence indicates Kiewiet is a lifetime resident of his community. He has family in the area. He has appeared as required for all prior court appearances. The record contains no evidence that Kiewiet is a flight risk.

Accordingly, the court finds the Government has failed to prove by a preponderance of the evidence that Kiewiet is a flight risk, but has proved by clear and convincing evidence that Kiewiet would be a danger to the community if released. Therefore, the court finds the following:

1. Kiewiet is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Kiewiet reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Kiewiet to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

  (a) Attach a copy of the release/detention order to the appeal;

  (b) Promptly secure a transcript.

 5. There is *no automatic stay* of this Order. Therefore, Kiewiet must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 17th day of February, 2006.

_____
PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT